IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALY SEPEDA, | § | |
|    Plaintiff | § | CIVIL ACTION NO. 4:11-CV-03091 |
| | § | |
| vs. | § | |
| | § | |
| MODEC INTERNATIONAL, INC. | § | JURY TRIAL DEMANDED |
|    Defendant | § | |

### PLAINTIFF'S MOTION TO QUASH
### NON-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER

Pursuant to FED. R. CIV. P. 26(c) and 45(c), Plaintiff Aly Sepeda now moves to Quash Non-Party Subpoenas and for Protective Order. In support, Sepeda states as follows:

#### QUESTION PRESENTED

That a female employee sexually harassed by her manager files a sex harassment claim against her recent employer does not make her entire employment or life history fair game for discovery. Rather, discovery remains confined only to matters that are reasonably calculated to lead to the discovery of admissible evidence. But here, the Defendant has embarked on a fishing expedition, sending subpoenas to three of Aly Sepeda's prior employers, as well as the New Jersey college she attended. Should the Court quash the subpoenas and order that Plaintiff's prior work and educational history be off limits?

#### FACTS AND SUMMARY OF ARGUMENT

Aly Sepeda worked for the Defendant from 2006 until she voluntarily quit in 2011 after she and her husband moved to El Paso. While employed with Defendant, Sepeda was constantly sexually harassed by her boss, Ed Flavin. Flavin sent Sepeda scores of inappropriate emails in an effort to establish a romantic relationship with her. And he reacted angrily (and threatened her with economic reprisal) after she became engaged to her husband.

This case is strictly about Flavin's sexual harassment and its effects. Plaintiff does not claim

that she was terminated or constructively discharged. Her case is simply about Flavin's inappropriate conduct.

The Defendant, though, apparently believes that Sepeda's entire life is fair game as a consequence of filing this suit. In what can only be described as a classic fishing expedition, then, it has issued subpoenas to three of Sepeda's former employers (Shell Pennzoil, Sears, and Page Realty Partners), as well as to the New Jersey college that she attended (Kean College of New Jersey). *See* Exhibit 1. All four subpoenas demand production of employment records regarding the plaintiff.

Sepeda's suit has not placed her entire work history at issue, and her work for employers prior to MODEC have nothing to do with whether Flavin sexually harassed her and whether she is entitled to compensatory damages as a result. Because the documents Defendant is attempting to subpoena represent nothing more than fishing in her history (for what, Sepeda has no idea), the subpoenas should be quashed.

## **ARGUMENT**

The subpoenas to Shell Pennzoil, Sears, Inc., Page Realty Partners and Kean College of New Jersey serve no purpose other than to fish around in Sepeda's work history, apparently in the hopes that MODEC will find something embarrassing to ask her about at deposition.[1] But Sepeda's employment with the first three and attendance at Kean College has nothing to do with whether Flavin did or did not sexually harass her, or her damages. It also has nothing to do with any defense raised by the Defendants. Because Plaintiff's discovery about Plaintiff's work and educational

---

[1] Defendant requests ". . . any and all documents that refer to, relate to, or evidence, or reflect in any way the employment and/or application for employment. . . ." Plaintiff was never employed by Kean College of New Jersey, but only attended as a student and as such there are no employment records.

history is simply not calculated to lead to the discovery of admissible evidence, the subpoenas should be quashed.

"Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party. . . . Relevant information need not be admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence." FED. R. CIV. P. 26(b)(1). This broad scope of permissible discovery, however, is not unlimited and does have ultimate and necessary boundaries. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Courts have held, "[w]hile the standard of relevancy [in discovery] is a liberal one, it is not so liberal as to allow a party to 'roam in the shadow zones of relevancy and to explore matters which does not presently appear germane to the theory that it might conceivably become so." *Food Lion, Inc. v. United Food & Comm. Workers Intern. Union*, 103 F.3d 1007, 1012-13 (D.C. Cir. 1997).

The four subpoenas at issue here seek:

> . . . any and all documents that refer to, relate to, evidence, or reflect in any way the employment and/or application for employment [of Sepeda] including her: personnel file, payroll and tax records, benefit records, job applications, resume, correspondence, time cards, job descriptions, training records, employment evaluations and disciplinary records."

Exhibit 1. In other words, these subpoenas call for every single piece of paper that could possibly have been generated during Sepeda's association with other employers. The undersigned has asked MODEC's counsel to explain what these records could possibly be relevant to, but there has been no substantive response. At best, counsel believes that there *may* be something useful in Sepeda's work history and, thus, that it is entitled to discover it.

This is not the standard, though, and mere speculation is not enough. Rather, the Defendant needs to actually substantiate why *this* discovery is in fact reasonably calculated to lead to the

discovery of admissible evidence. After all, "requested information is not relevant to 'subject matter involved' in the pending action if the inquiry is based on the party's mere suspicion or speculation." *Micro Motion, Inc., v. Kane Steel Co., Inc.*, 894 F.2d 1318, 1326 (Fed. Cir. 1990).

The bottom line is that the mere fact Sepeda has sued MODEC for sexual harassment does not place her entire work history at issue. *See Smartix Intern., L.L.C. v. Garrubbo, Romankow & Capese, P.C.*, 2007 WL 4166035 *2 (S.D.NY. Nov. 20, 2007) (Exhibit 2); *Perry v. Best Lock Corp.*, 1999 WL 33494858 *2 (S. D. Ind. Jan. 21, 1999) (Exhibit 3); *Ireh v. Nassau Univ. Med. Ctr.*, 2008 WL 4283344 *5 (E.D.N.Y. Sept. 17, 2008) (Exhibit 4); and *Woods v. Fresenius Med. Care Group of N. Am.*, 2008 WL 151836 *2 (S.D. Ind. Jan. 16, 2008) (Exhibit 5). The subpoenas should be quashed.

### *The After Acquired Evidence Defense is Irrelevant*

While conferring about this motion, MODEC's counsel vaguely suggested that this inquiry is relevant to an after acquired evidence defense. This is nonsense for three reasons.

First, MODEC's Amended Answer makes clear that such an exercise is pure fishing. It alleges:

> Plaintiff's entitlement to relief is barred by the doctrine of after-acquired evidence. The parties have not yet engaged in discovery and to the extent that discovery reveals Plaintiff engaged in any wrongdoing **during her employment with MODEC**, any claims occurring after such wrongdoing or damages alleged after the wrongdoing would be barred by the after-acquired evidence defense.

Docket Entry No. 8, p. 11 (emphasis added). In other words, MODEC has absolutely no reason to believe that the after-acquired evidence defense even applied, pleads no facts indicating that it does, but remains intent upon fishing around in the hopes of finding something.

Second, even to the limited extent pleaded, MODEC has limited this issue to wrongdoing

"during [Sepeda's] employment with MODEC". Docket Entry No. 8, p.11. Even as it has framed the issue, the only issue is whether she committed misconduct while working for MODEC. Her prior work history is utterly irrelevant.

Finally, the after-acquired evidence defense is not even applicable here. As a defense, it is about cutting off economic damages from the time the employer learns of misconduct so severe that it would have terminated the plaintiff:

> Where an employer seeks to rely upon after-acquired evidence of wrongdoing, it must first establish that the wrongdoing was of such severity that the employee in fact would have been terminated on those grounds alone if the employer had known of it at the time of the discharge.

*McKennon v. Nashville Banner Pub. Co.*, 513 U.S. 352, 362-63 (1995). But this is only used as a means of cutting off back pay from the time the employer learns about the severe misconduct. *Id.* at 362. It certainly is not any kind of a defense to the sexually harassing conduct of a supervisor like Flavin.

Even so, the Plaintiff is not alleging that she was wrongfully terminated. She is not seeking back pay. Thus, there is no back pay for the Defendant to cut off by the discovery of severe misconduct that would have justified the Plaintiff's termination.

The poorly-pleaded after-acquired evidence defense provides no basis for Defendant's subpoenas. They should be quashed.

## CONCLUSION

Defendant has the burden of demonstrating that its subpoenas are reasonably calculated to lead to the discovery of admissible evidence. It cannot do so. The Court should grant this motion, quash the subpoenas, and order that the discovery shall not be taken.

A proposed order is attached.

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP

/s/ Katherine M. Gonyea
Andrew S. Golub
Fed. ID No. 13812
State Bar No. 08114950
Katherine M. Gonyea
Fed ID No. 1015828
State Bar No. 24066701
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Telecopier: (713) 526-3750

ATTORNEYS FOR PLAINTIFF

**CERTIFICATE OF CONFERENCE**

I hereby certify that as counsel for Plaintiff, I conferred via e-mail and telephonic conference with Defendant's counsel on January 11-12, 2012, in a good faith effort to resolve the matters in dispute without court order. Parties were unable to reach an agreement at the time of the filing of this motion.

/s/ Katherine Gonyea
Katherine Gonyea

**CERTIFICATE OF SERVICE**

I hereby certify that on January 12, 2012, a true and correct copy of the foregoing instrument was served electronically upon all counsel of record through the court's ECF system.

/s/ Katherine Gonyea
Katherine Gonyea