**UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **ALY SEPEDA,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:11-CV-03091** |
| **v.** | § | |
| | § | |
| **MODEC INTERNATIONAL, INC.,** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**MODEC INTERNATIONAL, INC.'S OPPOSITION TO
PLAINTIFF'S MOTION TO QUASH NON-PARTY SUBPOENAS
AND FOR PROTECTIVE ORDER**

MODEC International, Inc. ("MODEC") hereby files its Opposition to Plaintiff's Motion to Quash Non-Party Subpoenas and For Protective Order, showing the Court as follows:

**I.      INTRODUCTION**

In an apparent effort to impede discovery, Plaintiff asks this Court to quash subpoenas routinely issued in an employment discrimination action, such as this one.  Plaintiff has taken the unreasonable and incorrect position that MODEC is not entitled to **any** of Plaintiff's previous employment records.  As MODEC has repeatedly explained to Plaintiff, the documents sought by the subpoenas are relevant to Plaintiff's claim for damages arising from her alleged emotional distress and mental anguish, Plaintiff's credibility, and to MODEC' affirmative defense. Importantly, MODEC has made every effort to resolve the parties' dispute without involving this Court.  In this regard, not only has MODEC agreed to narrow the scope of the documents requested by the subpoenas and enter into a protective order regarding any confidential documents produced, it also has advised Plaintiff that her Motion is now moot because the only former employer subject to a subpoena from this district is not in possession of any documents

subject to the subpoena.  Despite counsel for MODEC's efforts to resolve this straightforward

discovery issue, **Plaintiff has steadfastly rejected all of them**.

II.      **PROCEDURAL BACKGROUND AND MODEC'S ATTEMPTS TO CONFER**

        After resigning due to relocating to El Paso with her husband, Plaintiff filed this lawsuit

on August 24, 2011, seeking damages (*i.e.*, back wages, reinstatement or front pay,

compensatory and/or punitive damages) for alleged sexual harassment by her former supervisor

over the course of several years for which she never reported.  (Dkt. # 1.)  MODEC timely filed

its Answer on October 4, 2011, denying any alleged violation of Title VII or the Texas Human

Rights Act and also asserting its affirmative defenses to the Complaint.  (Dkt. # 4.)  The parties

held their discovery planning conference pursuant to Rule 26(f) on December 2, 2011. At that

time, MODEC included in the draft Joint Discovery/Case Management Plan a statement that it

would enter into a protective order with Plaintiff to alleviate concerns regarding confidentiality

of documents produced during discovery.  **Counsel for Plaintiff, however, requested to**

**remove the language concerning the protective order.**  Discovery commenced on December

2, 2011.   On January 9, 2012, MODEC served subpoenas on four of Plaintiff's former

employers:  Shell Pennzoil, Sears, Kean College and Page Realty Partners (collectively, the

"Subpoenas").[1]

        On the evening of January 11, 2012, Plaintiff's counsel advised that Plaintiff planned to

move to quash the Subpoenas and the next day, at the request of MODEC's counsel, sent an

email containing legal authority purporting to support her argument. Counsel for MODEC

indicated that she would respond either later that afternoon or the next morning as she was

---

[1] Exhibit 1 to Plaintiff's Motion to Quash contain copies of subpoenas that were inadvertently sent to
Plaintiff on January 5, 2012.  These subpoenas were not served on Plaintiff's former employers.  On January 6,
2012, MODEC re-served its Notice of Service of Subpoenas for Production of Documents, attaching corrected
subpoenas to four of Plaintiff's former employers, copies of which are attached hereto as Exhibit A.  Following its
notice to Plaintiff's counsel, MODEC served the subpoenas attached as Exhibit A to Plaintiff's former employers on
January 9, 2012.

consumed with an urgent client matter.  (*See* Declaration of Annette A. Idalski at Ex. C hereto, ¶¶ 3-4.)  That same evening, counsel for Plaintiff insisted that she would file a motion to quash that evening unless MODEC would "confirm that [it is] willing to hold off on the subpoenas until this is resolved". (*See* Ex. C, ¶ 4 and Ex. 1 thereto.)  Less than an hour later, without first obtaining MODEC's counsel's forthcoming response, Plaintiff filed her Motion to Quash.

 On January 13, 2012, counsel for MODEC  explained the relevancy of the documents it subpoenaed from Plaintiff's former employers, and again proposed entering into a joint protective order to resolve any concerns regarding confidentiality of the subpoenaed records (*See* Ex. C, ¶ 5 and Ex. 2 thereto.)  **Plaintiff's counsel rejected this proposal**. (*See id.*)

It then came to counsel for MODEC's attention that Plaintiff's Motion was moot because the only subpoena issued from the Southern District of Texas was served on Page Realty Partners, which has no records to produce, and Plaintiff's counsel was advised of this significant fact on January 16, 2012.  (*See* Ex. C, ¶ 6 and Ex. 3 thereto.)  On January 18, 2012, Plaintiff's counsel advised that Plaintiff would <u>not</u> withdraw her Motion and that Plaintiff would seek a protective order from this Court pursuant to Fed. R. Civ. P. 26(c).  (*See* Ex. C, ¶ 6 and Ex. 4 thereto.)  Plaintiff's counsel further threatened to file an emergency motion for protective order if MODEC did not "hold off on the subpoenas" pending this Court's ruling and gave MODEC <u>one hour</u> to respond.  MODEC agreed to Plaintiff's request.  (*Id.*)

In its third and final effort to resolve this matter absent Court intervention, counsel for MODEC wrote to Plaintiff's counsel on January 19, 2012, agreeing to limit the scope of the subpoenas issued to Plaintiff's former employers given Plaintiff's counsel's representation that Plaintiff <u>would not seek economic damages</u>, despite requesting this relief in her Complaint (which has not been withdrawn/amended).  (*See* Ex. C, ¶ 7 and Ex. 5 thereto.)  MODEC agreed that it would <u>not</u> seek payroll, tax records, benefits records, and time cards and further advised

3

Plaintiff of the relevancy of each of the other documents subject to the subpoena. (*See id*.) Plaintiff rejected MODEC's resolution for the third time. (*See* Ex. C, ¶ 7 and Ex. 6 thereto.)

## III.   ISSUES TO BE RULED UPON BY THE COURT

The issues to be ruled upon by the Court are: (1) whether the Plaintiff's request to quash the Subpoenas is moot; and (2) whether Plaintiff has shown good cause for entry of a protective order as to the four subpoenas at issue where MODEC has tailored its subpoena to seek documents relevant to Plaintiff's emotional distress damages, credibility and its affirmative defense that Plaintiff knew how to complain of sexual harassment.

## IV.   STANDARD OF REVIEW

The party moving for entry of a protective order bears the burden of showing good cause why the Court should enter a protective order. *In Re Terra Int'l, Inc.*, 134 F.3d 302, 306 (5th Cir. 1998). A party should establish good cause by "a particular and specific demonstration of fact as distinguished from stereotyped and conclusory statements." *Id.* "In essence, a party is entitled to information that is relevant to a claim or defense in the matter. Relevance does not mean the information has to be admissible at trial, but merely that the requested information is reasonably likely to lead to the discovery of admissible evidence." *Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, *5 (W.D. Va. Sept. 9, 2009.)[2]

## V.   ARGUMENT AND CITATION OF AUTHORITY

### A.   Plaintiff's Motion Is Moot.

Three of the four non-party subpoenas that are the subject of Plaintiff's Motion were not issued from the United States District Court for the Southern District of Texas and, therefore, are not properly included in Plaintiff's Motion. Specifically, the subpoena served on Kean College was issued from the District of New Jersey; the subpoena served on Sears was issued from the

---

[2] A copy of *Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343 (W.D. Va. Sept. 9, 2009) is attached hereto as Exhibit D.

Northern District of Illinois; and the subpoena served on Shell Pennzoil was issued from the Northern District of Texas.  (*See* Ex. A.)  Should Plaintiff wish to quash these subpoenas, she must file a motion in the district courts that issued the subpoenas, not this Court.  *See* Fed. R. Civ. P. 45(c)(3)(A) ("[o]n timely motion, the issuing court must quash or modify a subpoena ….."); *Dow Chemical Canada, Inc. v. HRD Corp.*, No. H-10-0138, 2010 WL 2680641, *2 (S.D. Tex. July 2, 2010) ("Rule 45 allocates authority over subpoenas to the court for the district from which they are issued.");[3] *Limon v. Berryco Barge Lines, L.L.C.*, No. G-07-0274, 2009 WL 1347363, *1 (S.D. Tex. May 13, 2009) (holding that "[a]bsent a transfer from the Louisiana district court that issued the subpoena, this court lacks jurisdiction over the motion to quash the Rule 45 subpoena.").[4]  The only subpoena properly before this Court is the subpoena served to Page Realty Partners.  On January 13, 2012, Page Realty Partners advised counsel for MODEC that it "can find no records relative to [Plaintiff]."  (*See* Ex. C, ¶ 6 and Ex. 3 thereto.)  Since Page Realty Partners has no records to produce, Plaintiff's Motion to quash this subpoena is moot.

**B.     Plaintiff Is Not Entitled to a Protective Order Because The Subpoenaed Records Are Relevant To This Action.**

Plaintiff has <u>not</u> met her burden for the entry of a protective order, instead summarily stating that her prior employment "has nothing to do with whether Flavin did or did not sexually harass her, or her damages."  (Dkt. # 14, p. 2.)  Such conclusory allegations "do[ ] not meet the heavy burden of proof under Rules 26(c) and 45(c)."  *Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, *6 (W.D. Va. Sept. 9, 2009) (Ex. D).  As shown below, Plaintiff's prior employment records are relevant to this action, and MODEC should not be prohibited from seeking this discovery.

---

[3] A copy of *Dow Chemical Canada, Inc. v. HRD Corp.*, No. H-10-0138, 2010 WL 2680641 (S.D. Tex. July 2, 2010) is attached hereto as Exhibit E.
[4] A copy of *Limon v. Berryco Barge Lines, L.L.C.*, No. G-07-0274, 2009 WL 1347363 (S.D. Tex. May 13, 2009) is attached hereto as Exhibit F.

1.      The Subpoenaed Records are Relevant to Plaintiff's Alleged Emotional Distress Damages and Reasonably Likely to Lead to the Discovery of Admissible Evidence

The documents requested by MODEC are relevant to the issue of Plaintiff's alleged emotional distress damages.[5]  In particular, complaints, grievances, evaluations and disciplinary records from Plaintiff's former employers may show that Plaintiff's alleged emotional distress, for which she seeks to hold MODEC liable, is attributable, in whole or in part, to events occurring prior to her employment with MODEC.  Courts have agreed that, in Title VII actions, former employment records are relevant when a plaintiff seeks damages for alleged emotional distress.  For example, in *Smith v. United Salt Corp*., a sexual harassment case, defendant served subpoenas on plaintiffs' former employers seeking "work history records".  In denying plaintiffs' motion to quash and for protective order, the Court said:

> As for the plaintiffs' work history records, I find that these also are relevant to the claims before the court.  Again, the plaintiffs have failed to make a particularized showing as to why their subpoenas should not issue, instead advancing the conclusory argument that they are overbroad and irrelevant.  However, as discussed above, this does not suffice to make the "good cause" showing necessary for the issuance of a protective order under Rule 26(c).  Moreover, I am of the opinion that such records are relevant because they could potentially reveal such information as prior complaints of emotional distress and sexual harassment.

*Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343, *6 (W.D. Va. Sept. 9, 2009.) (Ex. D hereto). *See also First v. Kia of El Cajon*, No. 10-CV-536-DMS (BGS), 2010 WL 3245778, * 2 (S.D. Cal. Aug. 17, 2010) (finding that records from the plaintiff's former employer were "reasonably calculated to lead to the discovery of admissible evidence of Plaintiff's emotional state prior to his employment with Defendant");[6] *Abu v. Piramco Sea-Tac, Inc.*, No. C08-1167RSL, 2009 WL 279036, *2 (W.D. Wash. Feb. 5, 2009) (finding that

---

[5] The documents addressed herein encompass all documents MODEC will seek from Plaintiff's former employers, as proposed in MODEC's January 19, 2012 letter to Plaintiff's counsel.  (*See* Ex. C, ¶ 7.)

[6] A copy of *First v. Kia of El Cajon*, No. 10-CV-536-DMS (BGS), 2010 WL 3245778 (S.D. Cal. Aug. 17, 2010) is attached hereto as Exhibit G.  A copy of *Abu v. Piramco Sea-Tac, Inc.*, No. C08-1167RSL, 2009 WL 279036 (W.D. Wash. Feb. 5, 2009) is attached hereto as Exhibit H.

information sought from the plaintiff's previous and subsequent employers was "relevant to support or disprove causation of the emotional distress"). Accordingly, MODEC is entitled to discover whether factors or events related to Plaintiff's previous employment may have contributed to the alleged emotional distress which she claims resulted from her employment.

2.   <u>The Subpoenas Are Relevant to Plaintiff's Credibility</u>

Complaints, grievances, job applications, job descriptions, resumes, evaluations, and disciplinary records from Plaintiff's former employers also are relevant because they may lead to the discovery of admissible evidence bearing upon Plaintiff's credibility.  Plaintiff's veracity is particularly important here because sexual harassment cases are often based on "he said/she said" evidence. *See Melgarejo v. 24 Hour Professional Janitorial Svcs.*, No. 3:07-CV-1847-B, 2009 WL 55705, *2 (N.D. Tex. Jan. 6, 2009) (in case involving Title VII and assault and battery claims, stating that "[t]he veracity of [the defendant's] testimony is certainly relevant in a case that could arguably be characterized as 'he said/she said' and Plaintiff is entitled to test his statements.").[7]  Rule 26 "permits the discovery of information which may simply relate to the credibility of a witness or other evidence in the case." *Ragge v. MCA/Universal Studios*, 165 F.R.D. 601, 603 (C.D. Cal 1995) (internal quotations omitted) (granting motion to compel certain documents contained in the personnel files of individual defendants; documents related to their credibility and were consequently within the scope of Rule 26).  In *Abu v. Piramco Sea-Tac, Inc.*, No. C08-1167RSL, 2009 WL 279036, *2 (W.D. Wash. Feb. 5, 2009), for example, the court denied plaintiff's motion for protective order as to issues of credibility and said:

> …information from plaintiff's other employers is relevant to her credibility.  It does not appear that defendant is conducting a fishing expedition on the issue. Rather, plaintiff has been untruthful once about an important issue.  She failed to list a recent prior employer on her employment application with defendant because she feared receiving a bad reference.  The omission was made even

---

[7] A copy of *Melgarejo v. 24 Hour Professional Janitorial Svcs.*, No. 3:07-CV-1847-B, 2009 WL 55705 (N.D. Tex. Jan. 6, 2009) is attached hereto as Exhibit I.

though plaintiff signed the application certifying that the answers provided were accurate to the best of her knowledge and belief and acknowledging that intentional omissions could lead to her termination.  Because plaintiff was intentionally untruthful at least once regarding an important issue, defendant is entitled to further probe her credibility.  **Moreover, the nature of plaintiff's claims and the issue of the sincerity of her beliefs place her credibility directly at issue in this case.  Furthermore, defendant is entitled to discover whether plaintiff has previously filed frivolous discrimination claims, which could weigh against her credibility**.

*Id.* *2 (Ex. H hereto) (emphasis added).  The same is true here.  In her Motion, Plaintiff states that she "was never employed by Kean College of New Jersey, but only attended as a student and as such there are no employment records."  (Dkt. # 14, p. 2, n.1.)   This statement contradicts the resume Plaintiff submitted to MODEC, which lists Kean College under "Work Experience" and details her duties at the "Student Learner Center" from June 1997 - December 2000.  (*See* Ex. B.)  Most recently, in Plaintiff's counsel's January 23, 2012 letter, Plaintiff claims that she volunteered at Kean College, which also contradicts her resume.  The nature of Plaintiff's claims here warrant MODEC's discovery as to Plaintiff's credibility.

3.    The Subpoenaed Documents Are Likely to Lead to the Discovery of Admissible Evidence as to MODEC's Eighth Affirmative Defense

Training records, EEO/harassment/reporting policies, and complaints and grievances filed by Plaintiff with her former employers are relevant to MODEC's Eighth affirmative defense - Plaintiff's failure to report Ed Flavin's alleged harassment to MODEC, which bars her claim.  (Dkt. # 8, p. 8.)  Clearly, if Plaintiff reported allegations of sexual harassment to her previous employers, such evidence would be relevant to MODEC's defense that Plaintiff knew how to report harassment and failed to do so in this case.  Therefore, the requested documents are relevant for this additional reason.

4.    The Authority Cited By Plaintiff Is Unavailing

The case law upon which Plaintiff relies in her Motion is distinguishable from the facts of this case.  In *Ireh v. Nassau Univ. Med. Ctr.,* the court actually denied plaintiff's motion to quash

in part and permitted discovery of the plaintiff's previous complaints of race or national origin discrimination with his prior employers. No. CV 06-09(LDW)(ATK), 2008 WL 4283344, *6 (E.D.N.Y. Sept. 17, 2008).[8] With respect to the portions of the subpoenas the court quashed, those are not relevant here. *Id.* at *5 (finding that evidence of the plaintiff's poor performance was not relevant to show he had a propensity for poor performance or that he failed to mitigate his damages). Next, *Smartix Internat'l v. Garrubbo, Romankow & Capese, P.C.* involved a business dispute where the plaintiff sought damages stemming from his alleged inability to raise capital. No. 06 Civ. 1501(JGK) (DFE), 2007 WL 4166035, *2 (S.D.N.Y. Nov. 20, 2007). The court disallowed discovery of the plaintiff's personnel records from his former employers because the records had no bearing on the plaintiff's alleged damages (*i.e.*, the inability to raise capital). *Id.* Here, MODEC specifically seeks Plaintiff's prior employment records to determine whether Plaintiff's alleged emotional distress stems from another source, whether Plaintiff is a credible witness, and if she has previously reported sexual harassment to an employer.

*Perry v. Best Lock Corp.* also is distinguishable. No IP 98-c-0936-H/G, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999).[9] The defendant in *Perry*, an FMLA and race discrimination case, served **nineteen** (19) subpoenas to investigate disciplinary issues and to determine if the plaintiff had a propensity for filing frivolous lawsuits. *Id.* at *1-2. The defendant, however, failed to demonstrate how such a large number of subpoenas were relevant to the plaintiff's claims. *Id.* at *3. In the instant case, MODEC's request is much more narrow and specific. It seeks to determine whether Plaintiff's past employment contributed to her alleged emotional distress, whether she is credible, and whether she has previously reported sexual harassment

---

[8] A copy of *Ireh v. Nassau Univ. Med. Ctr.,* No. CV 06-09(LDW)(ATK), 2008 WL 4283344 (E.D.N.Y. Sept. 17, 2008) is attached hereto as Exhibit J. A copy of *Smartix Internat'l v. Garrubbo, Romankow & Capese, P.C.*, No. 06 Civ. 1501(JGK)(DFE), 2007 WL 4166035 (S.D.N.Y. Nov. 20, 2007) is attached hereto as Exhibit K.
[9] A copy of *Perry v. Best Lock Corp.*, No IP 98-c-0936-H/G, 1999 WL 33494858 (S.D. Ind. Jan. 21, 1999) is attached hereto as Exhibit L.

allegations.  Moreover, the number of subpoenas are much more limited here – to date MODEC

has served only four (4) subpoenas where as in *Perry* the defendant served 19 subpoenas.  *Id.* at

*1.  While MODEC intends to subpoena documents from additional non-parties as discovery

unfolds, it does not intend to serve anywhere near nineteen.[10]  Accordingly, Plaintiff's alleged

supporting authority do not support her request for entry of a protective order.

## VI.    CONCLUSION

For all of the foregoing reasons, Plaintiff's Motion should be denied.

Respectfully submitted this 23rd day of January, 2012.

**CHAMBERLAIN HRDLICKA**
**WHITE WILLIAMS & AUGHTRY**

By:    */s/ Annette A. Idalski*
        Annette A. Idalski
        Attorney-in-Charge
        Texas Bar No. 00793235
        Federal I.D. No. 1130754
        191 Peachtree Street, N.E., 34th Floor
        Atlanta, GA  30303-1747
        Telephone:  (404) 588-3570
        Facsimile:  (404) 588-3571

By:    */s/ Kerry C. Williams*
        Kerry C. Williams
        Texas Bar No. 00792968
        Federal I.D. No. 12564
        1200 Smith Street, 14th Floor
        Houston, TX 77002-4310
        Telephone:  (713) 654-9626
        Facsimile:  (713) 658-2553

*Attorneys Defendant MODEC International, Inc.*

---

[10] *Woods v. Fresenius Medical Care Group of North Am.* is likewise distinguishable.  No. 1:06-cv-1804-RLY-WTL, 2008 WL 151836, at *2 (S.D. Ind. Jan. 16, 2008) (Ex. M hereto).  In *Woods*, the court found that the plaintiff's prior employment records had no relevance to her failure to promote claim because only facts that were known by the defendant at the time of the promotion decision were relevant.  *Id.* at *2.  Here, Plaintiff has not alleged a failure to promote claim and MODEC is not seeking her prior employment records to determine her experience or skill level.  The defendant in *Woods* also argued that the plaintiff's personnel records were relevant to her credibility and motive in filing the lawsuit, but the court found that these reasons could not be linked to plaintiff's failure to promote and discrimination claims or any dishonesty.  *Id.*  Here, while one of MODEC's reasons for seeking employment records goes to Plaintiff's credibility, MODEC now has reason to believe that Plaintiff was not honest about her prior employment with Kean College. (*See* Ex. B.)

10

# TABLE OF EXHIBITS

**TAB**

Subpoenas to Plaintiff's Former Employers ..................................................................A

Plaintiff's Resume ..........................................................................................................B

Declaration of Annette Idalski ......................................................................................C

*Smith v. United Salt Corp.*, No. 1:08CV00053, 2009 WL 2929343 (W.D.
    Va. Sept. 9, 2009) .................................................................................................D

*Dow Chemical Canada, Inc. v. HRD Corp.*, No. H-10-0138, 2010 WL
    2680641 (S.D. Tex. July 2, 2010) .........................................................................E

*Limon v. Berryco Barge Lines, L.L.C.*, No. G-07-0274, 2009 WL 1347363
    (S.D. Tex. May 13, 2009) ..................................................................................... F

*First v. Kia of El Cajon*, No. 10-CV-536-DMS (BGS), 2010 WL 3245778
    (S.D. Cal. Aug. 17, 2010) .....................................................................................G

*Abu v. Piramco Sea-Tac, Inc.*, No. C08-1167RSL, 2009 WL 279036
    (W.D. Wash. Feb. 5, 2009) ...................................................................................H

*Melgarejo v. 24 Hour Professional Janitorial Svcs.*, No. 3:07-CV-1847-B,
    2009 WL 55705 (N.D. Tex. Jan. 6, 2009) ............................................................ I

*Ireh v. Nassau Univ. Med. Ctr.*, No. CV 06-09(LDW)(ATK), 2008 WL
    4283344 (E.D.N.Y. Sept. 17, 2008)...................................................................... J

*Smartix Internat'l v. Garrubbo, Romankow & Capese, P.C.*, No. 06 Civ.
    1501(JGK)(DFE), 2007 WL 4166035 (S.D.N.Y. Nov. 20, 2007)......................K

*Perry v. Best Lock Corp.*, No IP 98-c-0936-H/G, 1999 WL 33494858
    (S.D. Ind. Jan. 21, 1999) ...................................................................................... L

*Woods v. Fresenius Medical Care Group of North Am.* No. 1:06-cv-1804-
    RLY-WTL, 2008 WL 151836 (S.D. Ind. Jan. 16, 2008)...................................M

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALY SEPEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:11-CV-03091 |
| v. | § | |
| | § | |
| MODEC INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

## CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing MODEC INTERNATIONAL, INC.'S OPPOSITION TO PLAINTIFF'S MOTION TO QUASH NON-PARTY SUBPOENAS AND FOR PROTECTIVE ORDER with the Clerk of Court via the CM/ECF system and have served a copy of the same via the CM/ECF system on:

Andrew S. Golub
Katherine M. Gonyea
DOW GOLUB REMELS & BEVERLY, L.L.P.
9 Greenway Plaza, Suite 500
Houston, Texas  77046

This 23rd day of January, 2012.

CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY

By:   /s/ Annette A. Idalski
        Annette A. Idalski
        Attorney-in-Charge
        Texas Bar No. 00793235

        *Attorney for Defendant MODEC*
        *International, Inc.*