UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| ALY SEPEDA, § | |
| § | |
| Plaintiff, § | |
| § | CIVIL ACTION NO. 4:11-CV-03091 |
| v. § | |
| § | |
| MODEC INTERNATIONAL, INC., § | |
| § | |
| Defendant. § | |
| § | |

**DEFENDANT MODEC INTERNATIONAL, INC.'S MOTION TO COMPEL
AND MEMORANDUM OF LAW IN SUPPORT THEREOF**

MODEC International, Inc. ("MODEC"), by and through its undersigned counsel, hereby files its Motion to Compel and Memorandum of Law in Support Thereof ("Motion to Compel"), pursuant to Fed. R. Civ. P. 37 and this Court's Procedures, showing as follows:

**I.     INTRODUCTION**

Plaintiff filed the instant action against her former employer, MODEC, alleging sexual harassment pursuant to Title VII and the Texas Human Rights Act. Plaintiff seeks damages solely for "emotional distress and mental anguish" which she claims to have suffered as a result of the alleged harassment by her former supervisor for whom she worked for six years and never reported the alleged conduct.[1] Despite this, and in an apparent continuing effort to hinder the discovery process, Plaintiff has refused to produce a full medical record or to execute an Authorization for Release of Medical Information ("Medical Authorization") which would enable MODEC to obtain records directly from Plaintiff's health care providers. In doing so,

---
[1] Plaintiff details her alleged damages in her Initial Disclosures dated January 6, 2012, a true and correct copy of which is attached hereto as Exhibit ("Ex.") A.

Plaintiff has taken the erroneous position that MODEC is not entitled to obtain any of Plaintiff's medical records <u>directly</u> from Plaintiff's health care providers and she will only produce sparse medical documentation as Plaintiff sees fit.

MODEC is mindful not to waste the Court's valuable time in unnecessary discovery disputes such as this one. However, the documents sought by MODEC are highly relevant to Plaintiff's alleged emotional distress damages because they pertain to the exact four medical providers that Plaintiff states she has seen as a result of the alleged conduct by MODEC. MODEC is entitled to obtain a full record <u>directly</u> from Plaintiff's health care providers rather than through Plaintiff's filtering. Without a complete record, MODEC cannot adequately prepare its defense. MODEC has been unable to obtain these documents or obtain an agreement on the full record despite many attempts at resolution with Plaintiff's counsel. It is as a last resort that MODEC seeks this Court's assistance.

## II.   NATURE AND STAGE OF THE PROCEEDING

### A.   Initial Pleadings and Motions

On August 24, 2011, Plaintiff filed a Complaint against MODEC seeking damages for alleged sexual harassment under Title VII and the Texas Human Rights Act. (Dkt. # 1.) MODEC timely filed its Answer on October 4, 2011, denying any alleged violation of Title VII or the Texas Human Rights Act and asserting its affirmative defenses. (Dkt. # 4.) Thereafter, Plaintiff filed a Motion to Strike Defenses (Dkt. # 7), which was rendered moot upon the timely filing of MODEC's Amended Answer on October 25, 2011. (Dkt. # 8.)

On January 12, 2012, Plaintiff filed a Motion to Quash the non-party subpoenas which had been properly issued by MODEC to former employers of Plaintiff. (Dkt. # 14). In the Motion to Quash, Plaintiff took the position that MODEC was not entitled to any of Plaintiff's previous employment records. *Id.* On January 17, 2012, MODEC filed its Opposition to

Plaintiff's Motion to Quash.  (Dkt. # 16).  On January 26, 2012, a hearing was held before the Court at which time the Court denied Plaintiff's Motion to Quash.  (Dkt. # 17).

### B. Plaintiff's Deficient Responses to Discovery Requests

On December 22, 2011, following the commencement of discovery, MODEC served its First Interrogatories and Requests for Production of Documents to Plaintiff ("Document Requests").  (MODEC's First Interrogatories and First Request for Production of Documents to Plaintiff are attached hereto as Ex. B and C, respectively).  Thereafter, on January 6, 2012, the parties exchanged Initial Disclosures in which Plaintiff expressly stated that she is "seek[ing] damages for the emotional distress and mental anguish she suffered."  (*See* Ex. A).

On January 27, 2012, Plaintiff served her initial verified responses to MODEC's First Interrogatories and responses to MODEC's Requests for Production of Documents to Plaintiff (collectively "Plaintiff's Discovery Responses").  (Plaintiff's responses to MODEC's First Interrogatories and First Request for Production of Documents to Plaintiff are attached hereto as Ex. D and E, respectively).  However, certain of Plaintiff's Discovery Responses were deficient.[2] The deficiency at issue in this Motion is Plaintiff's steadfast refusal to provide MODEC with a full medical record or a signed Medical Authorization, which would enable MODEC to obtain Plaintiff's complete medical files as to four medical providers identified by Plaintiff.

#### 1. The Four Medical Providers at Issue

In her verified Interrogatory Responses, Plaintiff has identified four (4) medical providers for whom she claims to have "contacted, visited, or received treatment from as a result of any incident or event described in [her] Complaint."  (*See* Ex. D – response to Interrogatory No. 3).

---

[2] For purposes of this Motion to Compel, the only deficiency being addressed is Plaintiff's refusal to provide a signed Medical Authorization.  However, there are other deficient discovery responses which have been and are being addressed with Plaintiff's counsel.

3

They are: (1) Carrie L. Martinez, MS, of H.O.P.E. Psychotherapy of Houston, PLLC; (2) Sergio Giovanni Perossa, MD; (3) David A. Love, MD; and (4) North Cypress Medical Center. *Id.*[3] However, Plaintiff has not fully produced these medical records, nor has she provided MODEC with the signed Medical Authorization which is required for MODEC to obtain these records.

2. Plaintiff's Deficient Responses to Document Request Nos. 5 - 6

Document Request Nos. 5-6, set forth below, are narrowly tailored to the medical records and documents concerning the treatment allegedly received by Plaintiff as a result of the alleged actions of MODEC:

**Request for Production No. 5**

All documents that you provided to any doctor, therapist, psychologist, psychiatrist, counselor, hospital, medical clinic, or health care provider regarding any treatment that you claim to have received as a result of the alleged actions of MODEC, including, but not limited to, any statements, records, reports, bills, or other writings, in whatever form.

**Request for Production No. 6**

All documents that you received from any doctor, therapist, psychologist, psychiatrist, counselor, hospital, medical clinic, or health care provider regarding any treatment that you claim to have received as a result of the alleged actions of MODEC, including, but not limited to, any statements, records, reports, bills, or other writings in whatever form.

Despite that these Document Requests are reasonably limited to the alleged actions of MODEC on which her claims are based, Plaintiff asserted the same unfounded objections to Document Request Nos. 5 and 6 and refused to produce her <u>complete</u> medical record:

See General Objections, including General Objection A.

---

[3] Plaintiff also stated that she has "not had any other injuries, diseases, symptoms or other conditions" since the age of eighteen (18), except what she purportedly "experienced from being harassed by Ed Flavin while [she] was employed at MODEC" (other than a "pinched nerve in her wrist" in 2007). (*See* Ex. D – response to Interrogatory No. 4). Thus, there are no other doctors at issue other than the four she identifies.

Plaintiff objects to this request on the basis that it is beyond the scope of discovery and would require Plaintiff to marshal all her evidence in order to identify documents which would be responsive to the request and identify those documents as supporting particular claims in the lawsuit. Plaintiff further objects to this request [as] overly broad, vague, burdensome and harassing.

Plaintiff objects to this request on the basis that it does not comply with the Rules of Civil Procedure as it does not request a particular class of documents, instead it is a fishing expedition requesting that either all documents which Plaintiff has be produced, or that the attorneys representing Plaintiff in the case make the decision as to which documents are "regarding" a particular contention, which would impermissibly infringe upon the work product and mental process of Plaintiff's attorneys.

Subject to and without waiving the foregoing objection, responsive documents, if any, are attached.

Clearly, Plaintiff does not intend to produce <u>all</u> responsive medical documents. The only documents that Plaintiff has produced thus far are discharge notes and instructions from a single admission in November 2010 at North Cypress Medical Center where she was treated by Dr. Perossa. None of these documents provide information regarding, or even referencing, her treatment by the other medical providers (*i.e.*, Ms. Martinez of H.O.P.E. Psychotherapy and Dr. Love) whom she claims to have also seen during this time period as she alleged in response to Interrogatory No. 3.

      3.      Plaintiff's Deficient Response to Document Request No. 8

Document Request No. 8 states:

**Request for Production No. 8:**

Please sign and return the enclosed Authorization for Release of Medical Information.

Plaintiff, however, stubbornly refused to do so asserting a baseless objection:

Plaintiff objects to this request on the basis that it seeks to impose a duty greater than that required by the Federal Rules of Civil Procedure. Plaintiff further objects to this request as harassing and not calculated to lead to the discovery of admissible evidence.

Plaintiff could have easily limited the Medical Authorization to the four (4) medical providers from which she claims to have received treatment, but she refused to do so. (*See* Declaration of Annette A. Idalski at Ex. F hereto at ¶ 6, and Ex. 4 thereto). It is hard to imagine how Plaintiff's medical records are "harassing" when Plaintiff is claiming emotional distress damages and Plaintiff claims to have visited four (4) medical providers whom she claims treated her **as a result of her employment at MODEC**. Given that Plaintiff is refusing to provide her full medical records for these four (4) medical providers for whom she claims she visited, it is essential that MODEC obtain a signed Medical Authorization from Plaintiff so that MODEC can obtain her medical records <u>directly</u>.

  C. **MODEC's Good Faith Attempts to Confer**

In a good faith effort to resolve this matter informally and without the need for Court intervention, on February 3, 2012, counsel for MODEC wrote to Plaintiff's counsel detailing the deficiencies in Plaintiff's Discovery Responses (*See* Ex. F, ¶ 3 and Ex. 1 thereto). However, Plaintiff still refused to provide an executed Medical Authorization.[4] (*See* Ex. F, ¶ 4 and Ex. 2 thereto). Consequently, on February 14 and 17 in a final attempt to resolve this issue, counsel for MODEC again wrote to Plaintiff's counsel regarding Plaintiff's refusal to provide an executed Medical Authorization. (*See* Ex. F, ¶¶ 5 - 6 and Ex. 3 and 4 thereto). To date, Plaintiff refuses to provide the executed Medical Authorization and continues to insist that she be allowed to sift through the records and to determine which documents are relevant, thus necessitating the filing of the instant Motion. *Id.*

---

[4] Specifically, Plaintiff's counsel wrote "Plaintiff stands by her objections. Plaintiff produced the records she had in her possession and is in the process of obtaining additional records." *Id.*

III. **ISSUES TO BE RULED UPON BY THE COURT**

The issues to be ruled upon by the Court are: (1) whether the Court should compel Plaintiff to provide an executed Medical Authorization to MODEC with respect to the four healthcare providers that Plaintiff has identified; (2) whether the Court should allow MODEC to reconvene Plaintiff's deposition solely with respect to the medical records once MODEC receives the complete medical files; and (3) whether the Court should award MODEC attorneys' fees for its time in preparing this motion.

IV. **ARGUMENT AND CITATION OF AUTHORITY**

A. **The Legal Standard for Granting a Motion to Compel.**

Parties may obtain discovery regarding any non-privileged matter that is relevant to the claim or defense of any party. *See* Fed. R. Civ. P. 26(b)(1). Relevance is construed broadly during the discovery process and "a request for discovery should be considered relevant if there is 'any possibility' that the information sought may be relevant to the claim or defense of any party." *Merrill v. Waffle House, Inc.*, 227 F.R.D. 467, 470 (N.D. Texas 2005), *quoting Sheldon v. Vermonty*, 204 F.R.D. 679, 689 (D.Kan. 2001); *see also*, *Coughlin v. Lee*, 946 F.2d 1152, 1159 (5th Cir. 1991). Relevant information encompasses "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S.Ct. 2380 (1978). Unless it is clear that the information sought can have "no possible bearing on the claim or defense of a party," the discovery should be allowed. *Merrill*, 227 F.R.D. at 470. Utilizing this broad construction of relevance in Rule 26(b)(1), courts have found that medical records are relevant to claims of emotional distress and mental anguish in discrimination cases. *See Owens v. Sprint/United Mgt. Co.*, 221 F.R.D. 657, 660 (D.Kan.2004) (finding that records relating to the plaintiff's medical care, treatment, and counseling were relevant to a claim for "garden variety" emotional damages

7

under Title VII as well as to defenses against claim because the records could reveal unrelated stressors that could have affected her emotional well-being).

In addition, when a party served with discovery provides an incomplete answer or response, or fails to respond, the requesting party may file a motion to compel such responses with a request for appropriate sanctions. *See* Fed. R. Civ. P. 37. *See also*, *Chapman & Cole & CCP, Ltd. v. Itel Container Int'l B.V.*, 865 F.2d 676, 687 (5th Cir. 1989), *cert. denied*, 493 U.S. 872, 110 S.Ct. 201(1989).

### B. The Records Sought are Relevant to Plaintiff's Alleged Emotional Distress and Mental Anguish Damages

MODEC is entitled to obtain an executed Medical Authorization from Plaintiff because the records from Plaintiff's health care providers may show that Plaintiff's alleged emotional distress and mental anguish, for which she seeks to hold MODEC liable, is attributable, in whole or in part, to other causes that have nothing to do with Plaintiff's employment at MODEC. *See EEOC v. Guardsmark, LLC*, 2010 WL 2756798 at *2, Civil Action No. 4:09-cv-03062 (S.D. Tex. July 12, 2010) (finding that even when the plaintiff's claims, alone, did not place her mental condition in controversy, but the plaintiff sought compensatory damages for "emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses," the plaintiff's medical records were relevant and discoverable because they "could shed light on contributing causes of her mental anguish")[5]; *see also, Payne v. City of Philadelphia, et al.*, 2004 WL 1012489 at *2, Civil Action No. 03-03919 (E.D. Pa. May 4, 2004) (finding that "when a plaintiff claims damages resulting from emotional distress," the opposing party is

---

[5] A true and correct copy of *EEOC v. Guardsmark, LLC*, 2010 WL 2756798 is attached hereto as Ex. G.

"entitled to" the plaintiff's health records")[6].

Plaintiff has identified four (4) health care providers who she claims to have "contacted, visited, or received treatment from as a result of any incident or event described in [her] Complaint." (*See* Ex. D – Plaintiff's response to Rog No. 3). If Plaintiff also received treatment for a condition that one of her health care providers determined was the result of mental stress, those records are directly relevant to her claim for emotional distress damages. Furthermore, if Plaintiff experienced other mental stressors prior to, during or following the time she was employed by MODEC, those stressors could be the cause of her alleged damages in this case.

Therefore, MODEC is entitled to Plaintiff's executed Medical Authorization so that MODEC can <u>directly</u> obtain Plaintiff's complete records and prepare its defense. *See Guardsmark, LLC,* 2010 WL 2756798 at \*2 (**ordering the plaintiff to provide the defendant with an executed medical authorization so that the defendant could obtain records directly from the plaintiff's medical providers, instead of from the plaintiff**). Plaintiff should not be permitted to pick and choose the medical records she wants to provide in discovery in this case, as she sees fit. In fact, despite being served with MODEC's discovery requests almost two months ago, Plaintiff has only provided a few pages of documentation pertaining to only one instance of medical treatment. Plaintiff's counsel's vague representation in his February 10, 2012 correspondence that Plaintiff "is in the process of obtaining additional records," does nothing to alleviate MODEC's concern that it will not receive <u>all</u> of the medical records to which it is entitled given that Plaintiff states that she will omit any records she deems to be irrelevant. (See Exhibit F). Thus, MODEC's Motion to Compel should be granted.

---

[6] A true and correct copy of *Payne v. City of Philadelphia, et al.*, 2004 WL 1012489 is attached hereto as Ex. H.

### C. The Medical Authorization is Not Harassing

Plaintiff's vague assertion that MODEC's request that she provide an executed Medical Authorization is "harassing" is nonsensical. (*See* Ex. E – response to RPD No. 8). Plaintiff has provided the identity and contact information for her health care providers, has provided information that they purportedly treated her for "injuries, diseases, symptoms or other conditions" which she claims were caused by purported "harassment" during her employment with MODEC, and has produced some of her medical records to MODEC (<u>without</u> a protective order in place and <u>without</u> identifying them as "confidential"). To then claim that the simple act of requesting Plaintiff to provide an executed Medical Release, so that MODEC can obtain a copy of her records <u>directly</u> from her health care providers is "harassing" is confounding. Accordingly, Plaintiff's objection is baseless.

### D. MODEC is Entitled to its Attorneys' Fees

MODEC requests to recover the fees incurred in filing the instant Motion to Compel. The Federal Rules provide that, in granting a motion to compel, a court "must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." *See* Fed. R. Civ. P. 37(a)(5). Accordingly, MODEC requests an award of expenses, including attorneys' fees, for having to file the instant Motion.

## V. CONCLUSION

MODEC respectfully requests that the Court grant its Motion to Compel and: (1) order Plaintiff to provide MODEC with a Medical Authorization within ten days of the entry of a Court order granting MODEC's Motion to Compel; (2) allow MODEC to reconvene Plaintiff's deposition solely with respect to the missing medical records; and (3) award MODEC its reasonable expenses incurred in preparing this motion, including attorneys' fees.

Respectfully submitted this 17th day of February, 2012.

          **CHAMBERLAIN HRDLICKA**
          **WHITE WILLIAMS & AUGHTRY**

        By: */s/ Annette A. Idalski*
          Annette A. Idalski
          Attorney-in-Charge
          Texas Bar No. 00793235
          Federal I.D. No. 1130754
          191 Peachtree Street, N.E., 34th Floor
          Atlanta, GA 30303-1747
          Telephone: (404) 588-3570
          Facsimile: (404) 588-3571

        By: */s/Kerry C. Williams*
          Kerry C. Williams
          Texas Bar No. 00792968
          Federal I.D. No. 12564
          1200 Smith Street, 14th Floor
          Houston, TX 77002-4310
          Telephone: (713) 654-9626
          Facsimile: (713) 658-2553

          *Attorneys Defendant MODEC International, Inc.*

## CERTIFICATE OF CONFERENCE

   I hereby certify that as counsel for Defendant, I conferred with Plaintiff's counsel on February 3, 14 and 17, 2012, in a good faith effort to resolve the matters in dispute without court intervention. Parties were unable to reach an agreement regarding the disposition of this motion at the time of the filing of this motion.

              By: */s/ Annette A. Idalski*
                Annette A. Idalski

## TABLE OF EXHIBITS

**TAB**

Plaintiff's Initial Disclosures ...................................................................................................A

Defendant's First Interrogatories to Plaintiff..................................................................................B

Defendant's First Request for Production of Documents to Plaintiff.............................................C

Plaintiff's Response to Defendant's First Interrogatories to Plaintiff ............................................D

Plaintiff's Response to Defendant's First Request for Production of Documents to Plaintiff ....... E

Declaration of Annette A. Idalski ................................................................................................. F

*EEOC v. Guardsmark, LLC*, No. 4:09-cv-03062, 2010 WL 2756798
(S.D. Tx. July 12, 2010)................................................................................................................G

*Payne v. City of Philadelphia, et al.*, No. 03-03919, 2004 WL 1012489
(E.D. Pa. May 5, 2004) .................................................................................................................H

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALY SEPEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. 4:11-CV-03091 |
| v. | § | |
| | § | |
| MODEC INTERNATIONAL, INC., | § | |
| | § | |
| Defendant. | § | |
| | § | |

### CERTIFICATE OF SERVICE

This is to certify that on this date I have electronically filed the foregoing DEFENDANT MODEC INTERNATIONAL, INC.'S MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF with the Clerk of Court via the CM/ECF system and have served a copy of the same via the CM/ECF system on:

Andrew S. Golub
GOLUB REMELS & BEVERLY, L.L.P.
9 Greenway Plaza, Suite 500
Houston, Texas  77046

This 17th day of February, 2012.

CHAMBERLAIN HRDLICKA
WHITE WILLIAMS & AUGHTRY

By:  /s/ Annette A. Idalski
    Annette A. Idalski
    Attorney-in-Charge
    Texas Bar No. 00793235

*Attorney for Defendant MODEC International, Inc.*