Exhibit F

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| ALY SEPEDA, | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:11-CV-03091** |
| v. | § | |
| | § | |
| MODEC INTERNATIONAL, INC., | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

<u>**DECLARATION OF ANNETTE A. IDALSKI IN SUPPORT OF**</u>
<u>**DEFENDANT'S MOTION TO COMPEL**</u>

I, ANNETTE A. IDALSKI, hereby declare the following:

1.      My name is Annette A. Idalski.  I have personal knowledge of the matters set forth herein, and if called upon to testify, I could and would do so competently.

2.      I am counsel for MODEC International, Inc. ("MODEC") in the above-captioned lawsuit.

3.      On February 3, 2012, I wrote to Plaintiff's counsel detailing the deficiencies in Plaintiff's Response to MODEC's First Request for Production of Documents to Plaintiff and Plaintiff's Response to MODEC's First Interrogatories to Plaintiff ("Plaintiff's Discovery Responses") and requesting supplementation of Plaintiff's Discovery Responses, including an executed Authorization for Release of Medical Information ("Medical Authorization").  A true and correct copy of my February 3, 2012 correspondence is attached hereto as Exhibit 1.

4.      Thereafter, I received correspondence from Plaintiff's counsel dated February 10, 2012, in which Plaintiff's counsel maintained the refusal to provide an executed Medical Authorization from Plaintiff.  Plaintiff's counsel also enclosed Plaintiff's (Supplemental)

Response to MODEC's First Interrogatories to Plaintiff dated February 10, 2012. True and correct copies of correspondence from Plaintiff's counsel dated February 10, 2012, and the enclosed Plaintiff's (Supplemental) Response to MODEC's First Interrogatories to Plaintiff dated February 10, 2012, are attached collectively hereto Exhibit 2.

5.   On February 14, 2012, I again wrote to Plaintiff's counsel regarding Plaintiff's refusal to provide an executed Medical Authorization. In doing so, I requested that a Medical Authorization executed by Plaintiff be provided by Friday, February 17, 2012 at 12:00 p.m. or MODEC would file a Motion to Compel. A true and correct copy of my February 14, 2012 correspondence to Plaintiff's counsel is attached hereto as Exhibit 3.

6.   On February 17th, 2012, in a final attempt to resolve this issue, I again wrote to Plaintiff's counsel regarding Plaintiff's refusal to provide an executed Medical Authorization. In doing so, I reiterated MODEC's offer to limit the Medical Authorization to the four (4) medical providers from which Plaintiff claims to have received treatment, but this offer was again refused. A true and correct copy of my February 17, 2012 correspondence with Plaintiff's counsel is attached hereto as Exhibit 4.

7.   To date, Plaintiff still refuses to provide the executed Medical Authorization and continues to insist that she be allowed to sift through the records and to determine which documents are relevant, thus necessitating the filing of the instant Motion. *See* Exhibit 4.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 17th day of February, 2012.

Annette A. Idalski

2

Exhibit 1

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

### A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

### ATTORNEYS AT LAW

191 PEACHTREE STREET, N.E. · 34TH FLOOR

## ATLANTA, GEORGIA 30303-1747

(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

ANNETTE A.IDALSKI
SHAREHOLDER
DIRECT DIAL NO.  404.658.5386
DIRECT FAX NO.  404.658.5387
E-MAIL:  annette.idalski@chamberlainlaw.com

HOUSTON
PHILADELPHIA
SAN ANTONIO
DENVER

February 3, 2012

<u>**VIA ELECTRONIC MAIL**</u>

Andrew S. Golub, Esq.
Katherine M. Gonyea, Esq.
Dow Golub Remels & Beverly, LLP
9 Greenway Plaza, Suite 500
Houston, TX 77046

> Re:   ***Aly Sepeda v. MODEC International, Inc.***
>       **Civil Action No. 4:11-cv-03091; U.S. District Court for the S.D. of Texas**

Dear Andrew and Katherine:

This letter is written pursuant to Rule 37 of the Federal Rules of Civil Procedure and this Court's Procedures in an effort to resolve the multiple deficiencies in Plaintiff's responses to MODEC's First Set of Interrogatories and Request for Production of Documents ("Plaintiff's discovery responses"). In light of Plaintiff's upcoming deposition on February 22, 2012, time is of the essence. Therefore, MODEC requests that Plaintiff correct the deficiencies **no later than 5:00 p.m. on Friday, February 10, 2012**. If Plaintiff fails to do, MODEC will be forced to file a motion to compel at Plaintiff's expense, and, will additionally re-open Plaintiff's deposition as to those discovery requests at issue after Plaintiff has fully responded.

## <u>Interrogatories</u>

### <u>Plaintiff's Failure to Respond to Interrogatory Nos. 9 through 18:</u>

Plaintiff completely failed to answer Interrogatory Nos. 9 through 18 by asserting an objection that MODEC exceeded the maximum number of interrogatories permitted by LR 33.1. As you are well aware, parties are permitted to serve a maximum of twenty-five (25) interrogatories, including discrete subparts, without leave of Court. MODEC has not exceeded this limit. Plaintiff's refusal to answer these interrogatories is nothing more than bad faith. **If Plaintiff does not respond to these 9 interrogatories by Friday, February 10, 2012, we will ask the Court to compel Plaintiff's answers.**

Moreover, Plaintiff's responses to Interrogatories Nos. 9 through 18 contain boilerplate objections that the interrogatories are:   "overly broad, vague, burdensome and harassing," "seek[] information ... beyond the scope of discovery," "not reasonably calculated to lead to the discovery [of] admissible evidence," and "seek[] information that is not relevant to the case at bar." In large part, these objections do not make any sense. For example, Plaintiff has asserted

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 2

these objections in response to MODEC's request for information regarding her damages (see Interrogatory No. 13), a topic that undoubtedly is the proper subject of discovery. Instead, these objections appear to have been cut and pasted without thought as to whether they even apply. Accordingly, MODEC demands that Plaintiff withdraw these baseless objections immediately and fully respond to the interrogatories.

Interrogatory No. 1:

Interrogatory No. 1 requests the "name, address and telephone number (including area code) of any present or former supervisor, representative or employee of MODEC with whom you and/or your attorney have communicated concerning any of the allegations set forth in your Complaint," "the date and place of the communication," and requests that Plaintiff "describe with particularity the nature of each such communication."

Plaintiff has refused to answer Interrogatory No. 1 on the grounds that it is "overly broad, vague, burdensome and harassing" and as "calling for disclosure of work product, which would inherently be revealed by disclosing who the Plaintiff or her counsel have contacted in connect [sic] with this suit." These objections are baseless and unsupported. As Plaintiff's counsel well knows based on his experience litigating employment discrimination cases, the work product doctrine does not protect the identity, contact information, date or location of persons contacted by Plaintiff or her counsel. Plaintiff has no basis for not turning over this information at once. Moreover, the work product doctrine does not protect the general topics of the communications or the facts elicited from those communications. To the extent Plaintiff contends that the topics or subject matter discussed is work product, Plaintiff must produce a privilege log and cannot assert a blanket objection.

Interrogatory No. 2:

Interrogatory No. 2 requests the "name, address and telephone number (including area code) of each individual whom you believe has or may have knowledge of the facts or claims set forth in your Complaint," and to "state the substance of the knowledge he/she possesses or may possess."

In response, Plaintiff has referred MODEC to her Initial Disclosures and also has asserted an objection on the grounds that the interrogatory "is overly broad, burdensome and harassing." Plaintiff must withdraw this objection immediately, as this interrogatory is no broader than the scope of disclosures required by Rule 26(a), Fed. R. Civ. P.

Interrogatory Nos. 3 & 4:

Interrogatory No. 3 requests the "name, address and telephone number (including area code) of all medical doctors, psychiatrists, psychologists, counselors, therapists, and other medical or healthcare personnel that you have contacted, visited, or received treatment from as a result of any incident or event described in your Complaint."

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 3

Interrogatory No. 4 requests information regarding "any injury, disease, disorder, symptom, or other condition (physical, emotional, psychological, or otherwise) which you have suffered since the age of eighteen (18), including, but not limited to, the humiliation you contend resulted from MODEC and/or Flavin's conduct as alleged in your Complaint."

Plaintiff objects to these interrogatories on the grounds that they are "overly broad, vague, burdensome and harassing," "beyond the scope of discovery," "not reasonably calculated to lead to the discovery [of] admissible evidence and … seek[] information that is not relevant to the case at bar." The information requested by Interrogatory Nos. 3 and 4 directly relate to Plaintiff's alleged <u>emotional distress damages</u> in this action. To the extent Plaintiff's mental or physical medical conditions have contributed to her emotional state and/or duress, MODEC is entitled to that information. Plaintiff lists four doctors. Has Plaintiff seen any other medical professionals as a result of any incident or event described in the Complaint? Has she suffered from any medical condition, other than a pinched nerve in 2007, since the age of 18? Please confirm.

<u>Interrogatory Nos. 5 – 8:</u>

Interrogatory Nos. 5 through 8 request information regarding Plaintiff's current employment status, her employment history since June 17, 2011, prospective employers to whom Plaintiff submitted an application for employment since June 17, 2011, and any employment offers received by Plaintiff since June 17, 2011. In response to each of these interrogatories, Plaintiff has provided answers "subject to" her objection that the interrogatories are: "overly broad, vague, burdensome and harassing," "seek[] information … beyond the scope of discovery," "not reasonably calculated to lead to the discovery [of] admissible evidence," and "seek[] information that is not relevant to the case at bar."

Plaintiff provides no explanation of how any of these objections apply to the interrogatories at issue. For example, what is vague about MODEC's request that Plaintiff identify all offers of employment she has received since June 17, 2011, and how is it burdensome or harassing? The Court has already determined that Plaintiff's employers are relevant based on his denial of Plaintiff's Motion to Quash and For Protective Order. Unless and until Plaintiff is granted leave to amend her complaint to withdraw her economic damages, these interrogatories are relevant and are not burdensome or harassing. Please confirm whether Plaintiff has left out any employers or prospective employers responsive to these interrogatories. And, if so, identify them at once.

**Document Requests**

<u>Document Request No. 1:</u>

Document Request No. 1 requests all documents and other tangible things that Plaintiff identified in responding to MODEC's First Set of Interrogatories. Plaintiff has asserted a

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 4

number of improper objections to this request, including an objection that the request is "beyond the scope of discovery and would require Plaintiff to marshal all her evidence in order to identify documents which would be responsive to the request". Of course Plaintiff must identify all of her documents that are responsive to MODEC's requests – that is the point of discovery. Plaintiff also objects that Request No. 1 is "overly broad, vague, burdensome, and harassing," but fails to offer any explanation as to how these objections apply to MODEC's specific request. Moreover, Plaintiff's objection that MODEC's request "does not comply with the Rules of Civil Procedure as it does not request a particular class of documents" is not a valid objection. MODEC has identified the requested documents with "reasonable particularity" as required by Rule 34, Fed. R. Civ. P. (Plaintiff asserts these improper objections to almost every single document request served by MODEC. For brevity's sake, MODEC will not repeat the reasons why these objections are improper for the remaining document requests addressed below.)

Although Plaintiff has stated that "responsive documents, if any" were produced subject to her objections, it is unclear if all responsive documents were produced or if Plaintiff is withholding certain documents on the basis of these objections. Therefore, please confirm that all documents responsive to Request No. 1 have been produced. Also, identify the bates range of the documents that respond to this request.

Document Request No. 2:

Document Request No. 2 seeks "all documents that support or otherwise relate to your cause of action for sexual harassment as set forth in your Complaint." In addition to the objections addressed above, Plaintiff asserts a work product objection to this request.

Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

Document Request No. 4:

Document Request No. 4 seeks "[a]ll documents that support or otherwise relate to any other claim for damages, including punitive and exemplary damages." Plaintiff has asserted the same boilerplate objections addressed above and also stated that she has produced "responsive documents, if any" subject to her objections. Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

Document Request Nos. 5 & 6:

Document Request Nos. 5 and 6 seek all documents Plaintiff provided to, and received from, any medical provider "regarding any treatment that you claim to have received as a result of the alleged actions of MODEC." Plaintiff has responded that, subject to her objections, she

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 5

has produced "responsive documents, if any." Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

Document Request No. 7:

Document Request No. 7 seeks "all medical records, reports, doctors' notes, and other documents, in whatever form, relating in any way to your visits to or treatment by any medical doctor or other mental or health care provider during the last ten years." Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

Document Request No. 8:

Document Request No. 8 asks that Plaintiff "sign and return the enclosed Authorization for Release of Medical Information." Plaintiff has refused to do so and has objected that this request "seeks to impose a duty greater than that required by the Federal Rules of Civil Procedure," and on the grounds that the request is "harassing and not calculated to lead to the discovery of admissible evidence."

Plaintiff has put her medical history at issue in this case by claiming that she suffered emotional distress as a result of the conduct alleged in the Complaint and by seeking to recover damages for her alleged emotional distress. As a result, MODEC is entitled to discover records related to Plaintiff's medical history to the extent that it has or could have affected her emotional state. Immediately provide us with an executed copy of the Authorization for Release of Medical Information attached to the Document Requests.

Document Request Nos. 9 – 11:

Document Request Nos. 9 through 11 seek documents relating to the terms and conditions of Plaintiff's employment with MODEC and documents she received from MODEC during her employment. Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request.

Document Request No. 14:

Document Request No. 14 seeks documents related to Plaintiff's efforts to secure employment since June 17, 2011. Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 6

her possession?  If not, produce the remaining documents.  Also, identify the bates range of the documents that respond to this request.

### Document Request No. 16:

Document Request No. 16 seeks "[a]ll documents reflecting monies earned or otherwise received" by Plaintiff since June 17, 2011.  Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any".  Has Plaintiff produced all responsive documents in her possession?  If not, produce the remaining documents.  Also, identify the bates range of the documents that respond to this request.  If documents were withheld based on privilege, produce a privilege log.

### Document Request No. 17:

Document Request No. 17 seeks "[a]ll documents that memorialize, describe, summarize, or in any way relate to conversations, contacts or discussions," between Plaintiff and any other person (excluding her attorneys) regarding the allegations in the Complaint.  Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any".  Has Plaintiff produced all responsive documents in her possession?  If not, produce the remaining documents.  Also, identify the bates range of the documents that respond to this request.  If documents were withheld based on privilege, produce a privilege log.

### Document Request No. 19:

Document Request No. 19 seeks "[a]ll documents in your possession from any current or former employee of MODEC relating to any claim or allegation set forth in your Complaint."  Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any".  Has Plaintiff produced all responsive documents in her possession?  If not, produce the remaining documents.  Also, identify the bates range of the documents that respond to this request.  If documents were withheld based on privilege, produce a privilege log.

### Document Request Nos. 20 & 21:

Document Request No. 20 seeks "[a]ll documents sent by you to any current or former employee of MODEC relating to any fact, claim (including damages) or allegation set forth in your Complaint."  Document Request No. 21 seeks "[a]ll documents which evidence any communications you have had with any current or former employee of MODEC regarding any of the facts, claims (including damages) or allegations contained in your Complaint."  Plaintiff has responded to these requests and stated that, subject to her objections, she has produced "responsive documents, if any".  Has Plaintiff produced all responsive documents in her possession?  If not, produce the remaining documents.  Also, identify the bates range of the documents that respond to these requests.  If documents were withheld based on privilege, produce a privilege log.

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 7

### Document Request No. 22:

Document Request No. 22 seeks "[a]ll documents that you took from MODEC during your employment, including, but not limited to, e-mails or other writings or correspondence in hard copy and/or electronic format." Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request.

### Document Request Nos. 23 & 24:

Document Request Nos. 23 and 24 seek all documents provided by Plaintiff to the Equal Employment Opportunity Commission ("EEOC"), and all documents received from the EEOC, related to Plaintiff's November 4, 2010 charge of discrimination. Plaintiff has responded that, subject to her objections she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

### Document Request Nos. 25 & 26:

Document Request Nos. 25 and 26 seek all documents that Plaintiff provided to, or received from, any government agency related to her employment with MODEC. Plaintiff has responded that, subject to her objections she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

### Document Request No. 31:

Document Request No. 31 seeks "[a]ll written and recorded statements obtained by you (or anyone acting on your behalf) from any person having knowledge of any of the facts or claims contained in your Complaint." Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

### Document Request No. 32:

Document Request No. 32 seeks documents Plaintiff may use at trial. Plaintiff has responded that, subject to her objections she has produced "responsive documents, if any". Has Plaintiff produced all responsive documents in her possession? If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request. If documents were withheld based on privilege, produce a privilege log.

Dow Golub Remels & Beverly, LLP
February 3, 2012
Page 8

        <u>Document Request Nos. 33 & 34</u>:

        Document Request Nos. 33 and 34 seek all e-mails, instant messages, text messages, and communications via social media by and between you and Flavin.  Plaintiff has responded that, subject to her objections, she has produced "responsive documents, if any".  Has Plaintiff produced all responsive documents in her possession?  If not, produce the remaining documents. Also, identify the bates range of the documents that respond to this request.

        <u>Document Request No. 35</u>:

        Document Request No. 35 requests a mirror image of Plaintiff's hard drive.  Plaintiff has objected on the grounds that this request is "the purest of fishing expeditions," may reveal communications protected by the attorney-client privilege or spousal privilege, and that the request is "overly broad, burdensome and not even remotely calculated to lead to the discovery of admissible evidence."

        As you well know, MODEC is entitled to discover any documents, including e-mails or other documents on the hard drive(s) of Plaintiff's computer(s), which relate to her claims and allegations.  MODEC is not interested in any other documents on her hard drive(s), such as privileged communications and/or documents that have nothing to do with this lawsuit. Therefore, rather than insist upon a mirror image at this time, MODEC will agree that Plaintiff or her counsel can review the documents on the hard drive of her computer and remove any non-responsive or privileged documents.  All non-privileged documents related to her claims and allegations must be produced.

        Promptly supplement Plaintiff's discovery responses no later than 5:00 p.m. on Friday, February 10, 2012, or we will be forced to file a motion to compel and will reserve the right to re-open Plaintiff's deposition.

                                Sincerely,

                                Annette A. Idalski

cc:     Kerry C. Williams, Esq.

Exhibit 2



**DOW GOLUB REMELS & BEVERLY, LLP**

A T T O R N E Y S   A T   L A W

Katherine M. Gonyea
*kgonyea@dowgolub.com*

HOUSTON
AUSTIN*

SANFORD L. DOW

ANDREW S. GOLUB

J. BEVERLY

KEITH M. REMELS

BILL C. BOYD

MARK R. ZEIDMAN

KENNETH H. HOLT

DEBRA LEVY GILBREATH

LORI L. MARLATT

KATHERINE M. GONYEA

MARIANA CACERES

BERNARD O. DOW
(1932-2004)

9 Greenway Plaza

Suite 500

Houston, Texas 77046

713.526.3700

713.526.3750 fax

dowgolub.com

*By Appointment Only

February 10, 2012

***Via Electronic Mail***
Annette A. Idalski                                        .
Chamberlain Hrdlicka White Williams & Aughtry
191 Peachtree Street, N.E., 34th Street
Atlanta, Georgia 30303

> Re:   Civil Action No. 4:11-CV-03091; *Aly Sepeda v. MODEC International, Inc.;* In the United States District Court for the Southern District of Texas

Dear Annette,

This letter is in response to your February 3, 2012, letter regarding Plaintiff's discovery responses.

**Interrogatories**

Interrogatory Nos. 9-18:

Plaintiff stands behind her objections, but has supplemented her responses.

Interrogatory No. 1:

Plaintiff stands behind her objections. Furthermore Plaintiff has previously disclosed which individuals she believes have knowledge regarding her claim in her Initial Disclosures.

Interrogatory No. 2:

Plaintiff stands behind her objections. This information has been previously disclosed in her Initial Disclosures.

Annette Idalski
February 10, 2012
Page 2

Interrogatory Nos. 3 & 4:

Plaintiff stands behind her objections. Plaintiff's answers are complete.

Interrogatory Nos. 5-8:

Plaintiff stands behind her objections. Plaintiff admits she is not employed currently, lists every job by week she has applied for, and indicates she has not received any offers. Plaintiff's answers are clearly complete.

**Document Requests**

Document Request Nos. 1-2, 4-6, 7, 9-11, 14, 16-7, 18, 20-26, 31-33:

Plaintiff stands behind her objections. All documents in Plaintiff's possession that are responsive to Defendant's requests have been produced. In fact, as Plaintiff has continued to locate documents she has supplemented her production.

Document Request No. 8:

Plaintiff stands behind her objections. Plaintiff produced the records she had in her possession and is in the process of obtaining additional records.

Document Request No. 34:

Plaintiff stands behind her objection. Plaintiff has produced all emails and documents in her possession which relate to her claims and allegations.

Should you have any questions, do not hesitate to contact me.

Sincerely,

Katherine M. Gonyea

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALY SEPEDA, | § | |
|     PLAINTIFF | § | CIVIL ACTION NO. 4:11-CV-03091 |
| | § | |
| v. | § | |
| | § | **JURY TRIAL DEMANDED** |
| MODEC International, Inc., | § | |
|     DEFENDANT | § | |

### PLAINTIFF'S RESPONSE TO MODEC INTERNATIONAL INC.'S FIRST INTERROGATORIES TO PLAINTIFF

TO:    Defendant, MODEC International, Inc., by and through its attorneys of record, Annette A. Idalski, Chamberlain Hrdlicka White Williams & Aughtry, 191 Peachtree Street, N.E., 34th Street, Atlanta, Georgia 30303-1747.

Plaintiff, Aly Sepeda hereby responds to Defendant's First Interrogatories.

Respectfully submitted,

DOW GOLUB REMELS & BEVERLY, LLP

Andrew S. Golub
Federal I.D. No. 13812
State Bar No. 08114950
Katherine M. Gonyea
Federal I.D. No. 1015828
State Bar No. 24066701
9 Greenway Plaza, Suite 500
Houston, Texas 77046
Telephone: (713) 526-3700
Telecopier: (713) 526-3750

ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on this 10th day of February, 2012, I sent a true and correct copy of the above and foregoing document via email to counsel as follows:

Annette A. Idalski
Chamberlain Hrdlicka White Williams & Aughtry
191 Peachtree Street, N.E., 34th Street
Atlanta, Georgia 30303-1747

Katherine M. Gonyea

## GENERAL OBJECTIONS TO DEFENDANT'S
## FIRST SET OF INTERROGATORIES

1.      Plaintiff objects to Defendant's interrogatories to the extent that they call for information that is privileged, including attorney work product, attorney-client communications, party communications or matters protected by the investigative privilege.

2.      Plaintiff objects to each of Defendant's interrogatories to the extent they impose obligations greater than those imposed by the Federal Rules of Civil Procedure.

3.      Plaintiff objects to each of Defendant's interrogatories to the extent that they would cause the set of interrogatories to exceed the number, counting sub-parts, that may be served upon another party without first obtaining leave of Court.  Local Rule 33.1.

4.      Plaintiff objects to each of Defendant's interrogatories to the extent that they call for medical information protected by the physician-patient privilege.

5.      Plaintiff objects to the definitions of "identify" and "describe", especially to the extent that the terms demands a litany of information whenever a topic is mentioned.  As "defined", these terms make each interrogatory using the term overbroad, unduly burdensome, harassing, not reasonably calculated to lead to the discovery of admissible evidence.

6.      Plaintiff incorporates each of these General Objections by reference in her answers set forth below.

## RESPONSES TO INTERROGATORIES

### INTERROGATORY NO. 1:

State the full name, address and telephone number (including area code) of any present or former supervisor, representative or employee of MODEC with whom you and/or your attorney have communicated concerning any of the allegations set forth in your Complaint. For each such communication, provide the date and the place of the communication and describe with particularity the nature of each such communication.

### ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff also objects to this interrogatory as calling for disclosure of work product, which would inherently be revealed by disclosing who the Plaintiff or her counsel have contacted in connect with this suit.

### INTERROGATORY NO. 2:

State the name, address and telephone number (including area code) of each individual whom you believe has or may have knowledge of the facts or claims set forth in your Complaint. With respect to each individual, state the substance of the knowledge he/she possesses or may possess.

### ANSWER:

Plaintiff objects to this interrogatory on the basis that it is overly broad, burdensome and harassing.

Subject to and without waiving the foregoing objections, see Plaintiff's Initial Disclosures.

### INTERROGATORY NO. 3:

State the name, address and telephone number (including area code) of all medical doctors, psychiatrists, psychologists, counselors, therapists, and other medical or healthcare personnel you have contacted, visited, or received treatment from as a result of any incident or event described in your Complaint.

### ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is

beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have seen the following doctors:

Carrie L. Martinez, MS
H.O.P.E Pyschotherapy of Houston, PLLC
17510 Huffmeister, Suite 103
Cypress, Texas 77429
(281) 373-5200

Sergio Giovanni Perossa, MD
10720 Barker Cypress Road
Cypress, Texas 77433
(281) 345-4800

David A. Love, MD
820 Gessner, Suite 750
Houston, Texas 77024
(713) 973-1007

North Cypress Medical Center
21214 Northwest Freeway
Cypress, Texas 77429
(832) 912-3500

**INTERROGATORY NO. 4:**

Provide the following information regarding any injury, disease, disorder, symptom, or other condition (physical, emotional, psychological, psychiatric, or otherwise) which you have suffered since the age of eighteen (18), including, but not limited to, the humiliation that you contend resulted from MODEC and/or Flavin's conduct as alleged in your Complaint:

     (a)     the nature and dates of occurrence of each such alleged injury, disease, disorder, symptom, or condition as described above;

     (b)     the name, address and telephone number (including area code) of each person or entity from whom you have sought or received treatment for each such alleged injury, disease, disorder, symptom, or condition, as described above;

     (c)     the occupation or specialty of each person or entity (e.g., psychiatrist, therapist, etc.) from whom you have sought treatment; and

     (d)     the dates and cost of each treatment received.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar. Specifically, a garden variety claim for mental anguish does not make a plaintiff's entire medical history discoverable.

Subject to and without waiving the foregoing objections, I experienced a pinched nerve in my wrist in approximately 2007. I did see a doctor, but there was not much that could be done about it and eventually it resolved itself. Other than that, I have not had any other injuries, diseases, symptoms, or other conditions since I was eighteen (18) other than what I experienced from being harassed by Ed Flavin while I was employed at MODEC. I was treated from November 2010- May 2011 by the people listed in response to Interrogatory No. 3.

**INTERROGATORY NO. 5:**

State whether you are presently employed. If so, provide the following information with respect to your current job:

      (a)      The name and address of your employer, along with a brief description of the business that your employer conducts;

      (b)      Your date of hire, current job title, duties, monthly gross wages or compensation, your work hours, and the total amount of employment benefits received through the date of your answer to these Interrogatories;

      (c)      The name and title of your immediate supervisor or manager; and

      (d)      Each incident of discipline/reprimand, along with the date, the nature of the offense and the punishment, if any, that you sustained.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I am not currently employed.

**INTERROGATORY NO. 6:**

For any other job that you have held since June 17, 2011, provide all of the detailed information requested in the preceding interrogatory for each job held.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have not been employed since June 17, 2011.

**INTERROGATORY NO. 7:**

For the period beginning June 17, 2011, through the present, state the name, address and telephone number (including area code) of each prospective employer to whom you have either submitted an application for employment or resume, or with whom you had any other type of communication regarding employment; the date of each such application or inquiry; the name of the individual with whom you interviewed or otherwise spoke about employment; and whether you were offered employment and, if not, the reason you were given for not receiving an offer.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have applied for the following jobs:

Week of December 4-10, 2011
Work Force Solutions
Corina Keimig
5070 Doniphan
El Paso, Texas 79932
(915) 887-2746

Developmental Club Manager- Sam's Club

Applied online through www.workintexas.com

Transaction Processor
ACS/Xerox Company
Applied online through www.workintexas.com

Week of December 12-17, 2011
General Clerk III
Fort Bliss IFS- Pride Industries
Applied online through www.workintexas.com

Texas Health and Human Services System, Clerk III
Texas Health and Human Services El Paso
7400 Diana Dr.
El Paso, Texas
(888) 894-4747

Pride Industries
Accounting Clerk III
Pride Industries Fort Bliss El Paso
Applied online through www.abso.com

Week of December 18-24, 2011
Receptionist
Health and Human Services System, El Passo
Applied online through www.workintexas.com

Administrative Assistant
Hunt Military Communities
Applied online through www.careerbuilder.com

Billlingual Export Customer Service Coordinator
Grainger
Applied online through www.careerbuilder.com

Week of December 25, 23, 2011
General Clerk III
Pride Industries
Applied online through www.abso.com

Accounting Clerk
Pride Industries
Applied online through www.abso.com

Administrative-Clerical
Hunt Military Communities
Applied online through www.careerbuilder.com

Week of January 1-6, 2012
CRS/Sales/Administrative Assistant
Network Communications, Inc.
Applied online through www.careerbuilder.com

Sales Customer Service
Vector Marketing Corporation
Applied online through www.careerbuilder.com

Entry Level Management Position
Regional Advantage
Applied online through www.careerbuilder.com

Week of January 8-14, 2012
Unit Secretary 1
Tenet Company
Applied online through www.workintexas.com

Part-time Teller
JP Morgan Chase
Applied online through www.workintexas.com

**INTERROGATORY NO. 8:**

Identify all offers of employment that you have received since June 17, 2011, but elected not to accept. For each such offer, please identify the employer who made the offer, including the name, address and telephone number (including area code); the date the offer was made to you; the specific nature of the job offered to you; the reason you declined the offer; the salary for the job offered to you; and the employment benefits for the job offered to you.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have not received any job offers.

## INTERROGATORY NO. 9:

State the name, address and telephone number (including area code) of all employers for whom you performed work prior to your employment with MODEC, and for reach employer, provide the following:

(a)     the dates of employment;

(b)     the position(s) held;

(c)     job duties; and

(d)     the reasons why you left the employment.

## ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I worked at the following places before MODEC:

June 2004-January 2006
Page Partners
Position Receptionist and Administrative Receptionist
Drafted letters, recaps, expense reports, leasing agreements. Maintained information, created flyers, reports and binders.
Left to accept a position at MODEC

February 2003-June 2004
Shell Pennzoil
Inside Sales Receptionist
Answering and routing calls, logging all income calls, processing orders, logging faxes and running reports.
Left because it was not a permanent position with benefits.

Aproximately 2002-2003
The Great Indoors
Visuals, Interior Design Department-Assistant
Created store visuals and set the store up before it opened. Promote sales.
Left due to family illness.

2001-2002
Today's Staffing
Many short staying assignments in mostly clerical positions
All temporary assignments.

June 2000-December 2000
Dillards
Customer Service Representative
Gift wrapping and customer service duties
Left Dillards to go to school full time.


## INTERROGATORY NO. 10:

Identify each and every source of income you have received from any source since June 17, 2011, including, but not limited to, salary, wages, tips, gifts, social security benefits, workers' compensation benefits, unemployment benefits and/or self-employment, and state the amount of any income you received from each source.

### ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, the only income I have earned is unemployment in the amount of $426/week since October 31, 2011.


## INTERROGATORY NO. 11:

State whether you have ever been a plaintiff, a complaining or charging party, a defendant or a witness in any federal, state or local court proceeding, or administrative proceeding. For each such proceeding, state the name of the case, its docket or other similar identification number, the court or agency before which the proceeding was brought, the date of filing or initiation of any such proceeding, the addresses of the parties in each proceeding, and the disposition of each proceeding.

### ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and

harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have gone to court regarding child support and visitation for my child and to amend my divorce decree. I will supplement with the cause numbers.

**INTERROGATORY NO. 12:**

State whether you or anyone else acting on your behalf has taken any written or recorded statement(s) (including, but not limited to, audio or video tape recordings) from any person in connection with any claim or allegation set forth in the Complaint; and, if so, state the name, address and telephone number (including area code) of each person from whom a statement was taken and describe with specificity the content of each statement.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objection, not at this time.

**INTERROGATORY NO. 13:**

For each item of damages set forth in the Complaint, state the following: the total dollar amount of each item of damages; how each item of damages was calculated; identification of each document corroborating your claim for said item of damages; and the name, address and telephone number (including area code) of each person having knowledge or information relating to each item of damages.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waving the foregoing objections, I am seeking damages for the emotional distress and mental anguish I suffered. These damages will be determined by the jury in its discretion.

**INTERROGATORY NO. 14:**

State whether you have ever applied for worker's compensation benefits, social security benefits, unemployment benefits, pension or retirement benefits, benefits from a profit sharing plan, health care benefits, disability benefits, benefits stemming from an insurance policy, or any other benefits from any local, state or federal agency or any other source. If so, please describe the specific information and details provided by you in these applications, and identify any and all documents within your possession, custody or control which evidence these applications for benefits, including, but not limited to, any application forms or supporting documentation.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have applied for and receive unemployment benefits.

**INTERROGATORY NO. 15:**

Please state whether you have ever been convicted of a crime and, if so, state the date of your conviction(s), sentence(s), place of conviction(s), nature of crime(s), and docket number and court in which each action was filed.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar. Plaintiff further objects to this interrogatory as it is not limited in time.

**INTERROGATORY NO. 16:**

Please identify all documents (whether in hard copy or electronic form) which were made by any current or former employee or manager of MODEC that you removed from MODEC's

premises or forwarded to your personal e-mail account either during or after your employment with MODEC.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, see the documents I produced in response to the Request for Production. This includes training documents, vacation requests, time sheets, emails and text messages.

**INTERROGATORY NO. 17:**

State the name, address and telephone number (including area code) of each individual whom you will or may call as an expert witness to give an opinion and testimony in the trial of this matter, and for each individual so identified, provide the following:

(a)      a summary of his or her professional qualifications, including but not limited to the number of years of practice, a list of any publications which he or she has published, and a list of any professional societies fo which he or she is a member;

(b)      all facts provided by you or your counsel to any expert witness for his or her consideration in reaching any opinion, including but not limited to any and all written materials or written correspondence between you, your counsel, and any expert witness;

(c)      the substance of the facts and opinions to which he or she is expected to testify and a summary of the grounds for each opinion; and

(d)      the names and citations of all cases or administrative proceedings in which he or she previously testified either at trial or during discovery.

**ANSWER:**

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, none at this time.

## INTERROGATORY NO. 18:

Please identify all colleges and universities that you attended, and for each college/university identified, please provide the dates you attended, the courses that you completed, any degree or certificate that you obtained, your overall grade point average and your class rank (if applicable). Please provide the same information with respect to any technical and trade schools you have attended.

## ANSWER:

Plaintiff objects to this interrogatory on the basis that is overly broad, vague, burdensome and harassing. Plaintiff objects to this interrogatory on the basis that it seeks information because it is beyond the scope of discovery, it is not reasonably calculated to lead to the discovery admissible evidence and it seeks information that is not relevant to the case at bar.

Subject to and without waiving the foregoing objections, I have attended **Kean University** from 1996-1998, but did not graduate. I attended the University of Houston from 2000-2002, but did not graduate. I attended the Art Institute of Houston from 2002-2003, but did not graduate. I attended Global Knowledge from April 2-6, 2007 and received Administering Cisco Call Manager and Unity Certification. I attended New Horizons from August -November, 2006 and received Flash 8, Photoshop CS Level I and II, and Infopath certifications.

Exhibit 3

# CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY

A PARTNERSHIP OF PROFESSIONAL CORPORATIONS

**ATTORNEYS AT LAW**

ANNETTE A.IDALSKI
SHAREHOLDER
DIRECT DIAL NO.  404.658.5386
DIRECT FAX NO.  404-658-5387
E-MAIL:  annette.idalski@chamberlainlaw.com

191 PEACHTREE STREET, N.E. - 34TH FLOOR
**ATLANTA, GEORGIA 30303-1747**
(404) 659-1410   (800) 800-0745

FAX (404) 659-1852

HOUSTON
PHILADELPHIA
SAN ANTONIO
DENVER

February 14, 2012

**VIA ELECTRONIC MAIL**

Andrew S. Golub, Esq.
Katherine M. Gonyea, Esq.
Dow Golub Remels & Beverly, LLP
9 Greenway Plaza, Suite 500
Houston, TX 77046

> Re:  *Aly Sepeda v. MODEC International, Inc.*
>      **Civil Action No. 4:11-cv-03091; U.S. District Court for the S.D. of Texas**

Dear Andrew and Katherine:

We are in receipt of your February 10, 2012 letter regarding Plaintiff's discovery responses and her response to Document Request No. 8 remains deficient. Plaintiff has improperly refused to provide an authorization for the release of information from her medical providers. As you are aware, Plaintiff's medical records are discoverable because Plaintiff is seeking damages for emotional distress and mental anguish. MODEC is entitled to obtain these documents directly from the medical providers. Please provide the completed authorization forms to us by **Friday, February 17, 2012 at 12:00 p.m.**, or we will file a motion to compel.

Additionally, Plaintiff has not provided the addresses and telephone number for her former employers in response to Interrogatory No. 9. Please correct this apparent oversight and provide a complete response to Interrogatory No. 9 by no later than noon on Friday, February 17, 2012.

Sincerely,

*Annette A. Idalski*

Annette A. Idalski

AAI:sw

cc: Kerry C. Williams, Esq.

Exhibit 4

## Idalski, Annette A.

| | |
|---|---|
| **From:** | Idalski, Annette A. |
| **Sent:** | Friday, February 17, 2012 1:04 PM |
| **To:** | 'Andrew S. Golub' |
| **Cc:** | Katherine Gonyea; Harris, Erin; K C. W |
| **Subject:** | RE: Sepeda v. MODEC International, Inc. |
| **Attachments:** | MODEC_Sepeda - 2012-02-14 - Letter to A. Golub and K. Gonyea enclosing documents Bates Labeled MOD 0.pdf |

Andrew:

The issue before us is the medical records and it is quite simple.  Have your client execute a medical release which is narrowly tailored to the four doctors she claims she has seen with respect to the emotional distress damages she is claiming.  Your proposed solution that Plaintiff will not do so and will instead only allow you to sift through the records to determine what is "relevant" and that you "might also be willing to  let [MODEC] come review the documents in [your] offices" is unacceptable.  I have never had a plaintiff refuse to execute a medical release which purportedly supports her own emotional distress claims, much less one as narrowly tailored as this one.  Please reconsider your position.

As to the other issues which are not the subject of MODEC's potential motion, you are mistaken.  MODEC has produced documents which are not subject to a protective order – please review your file and the attached correspondence which I am again sending.  I am sure that you did not intend to misrepresent the facts and that this was simply an oversight.  As stated in the attached letter, MODEC will produce the other documents Plaintiff requests subject to a protective order because MODEC deems them to be confidential business records.  This should be a very simple thing for the parties to work out and I suggest we do so.

Regards,
Annette

 Chamberlain Hrdlicka
Attorneys at Law

**Annette A. Idalski**
Shareholder
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303-1747

| | |
|---|---|
| Direct: | 404.658.5386 |
| Facsimile: | 404.659.1852 |
| Mobile: | 770.329.1165 |
| Email: | annette.idalski@chamberlainlaw.com |
| Assistant: | Lurlene Milner - 404.658.5442 |

**NOTE**: This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.

**From:** Andrew S. Golub [mailto:asgolub@dowgolub.com]
**Sent:** Friday, February 17, 2012 11:20 AM
**To:** Idalski, Annette A.
**Cc:** Katherine Gonyea
**Subject:** RE: Sepeda v. MODEC International, Inc.

Annette,

I mean this in all seriousness, but what are you talking about?  You have decided for yourself what is or is not relevant by refusing to produce any documents dated prior to 280 days before our client filed her charge of discrimination.  You have also decided to essentially produce nothing in discovery without a protective order, though you have no intention of asking the  Court for one or justifying it in any way beyond saying 'we want it'.

Regarding medical records, I've proposed a way forward that likely obviates any need for Court intervention.   But, it is apparent that you have already prepared your motion and are intent upon filing it regardless.

If you'd like to try to work something out that should get you access to anything relevant in the records, let me know.  Otherwise, file your motion.

Best regards,

Andrew Golub

-----------------------------------------------------

Andrew S. Golub
Dow Golub Remels & Beverly, LLP
9 Greenway Plaza, Suite 500
Houston, Texas  77046
713-526-3700 (o)
713-526-3750 (fax)
www.dowgolub.com

---

**From:** Idalski, Annette A. [mailto:Annette.Idalski@CHAMBERLAINLAW.COM]
**Sent:** Friday, February 17, 2012 10:03 AM
**To:** Katherine Gonyea; Harris, Erin; Andrew S. Golub
**Cc:** K C. W; Calnek, Julia; Bickley, Jennifer R.; McGrath, Jennifer
**Subject:** RE: Sepeda v. MODEC International, Inc.

Kathryn:

Your offering to sift through and decide what is and is not relevant and material is improper and unsupported.  You must produce the entire medical records of these four providers to whom she claims she sought treatment as part of her alleged damages – we are entitled to have the medical authorization signed.  Based on your response, we unfortunately have no choice but to file a motion to compel, and we will do so today.  This is indeed unfortunate. Discovery has just

2

begun and Plaintiff has twice caused the Court to unnecessarily intervene in what are standard discovery requests which go to the very heart of Plaintiff's damages.  Apparently, Plaintiff believes that MODEC is not entitled to a defense.

Regards,
Annette

---

**From:** Katherine Gonyea [mailto:kgonyea@dowgolub.com]
**Sent:** Friday, February 17, 2012 10:18 AM
**To:** Harris, Erin; Andrew S. Golub
**Cc:** Idalski, Annette A.; K C. W; Calnek, Julia; Bickley, Jennifer R.; McGrath, Jennifer
**Subject:** RE: Sepeda v. MODEC International, Inc.

Erin,

While we disagree that requiring Ms. Sepeda to create a new document is a proper document request under Rule 34, I'd propose the following in an effort to avoid Court intervention.  We will obtain (and in fact are already obtaining) Ms. Sepeda's medical records so that we can review them first.  We will then review the documents for materiality before the Defendants go digging through the entirety of our client's medical records.  We will then produce to you anything that is material, and we can then talk about what isn't (if anything).  Depending on what any unproduced material consists of, we might also be willing to let you come review the documents in our offices before you decide whether to take up the Court's time with a motion.

Sincerely,
Kat Gonyea

### Katherine M. Gonyea
kgonyea@dowgolub.com
(713)526-3700

---

**From:** Harris, Erin [mailto:Erin.Harris@CHAMBERLAINLAW.COM]
**Sent:** Friday, February 17, 2012 12:00 AM
**To:** Andrew S. Golub; Katherine Gonyea
**Cc:** Idalski, Annette A.; K C. W; Calnek, Julia; Bickley, Jennifer R.; McGrath, Jennifer
**Subject:** Sepeda v. MODEC International, Inc.

Andrew and Katherine:

Per our February 14, 2012 letter, we intend to file a motion to compel if Plaintiff does not provide executed medical authorization forms by noon tomorrow.  We are willing to limit the medical authorization forms to the four providers Plaintiff has identified in response to Interrogatory No. 3, given that Plaintiff has represented that these are the only medical providers she has seen (other than for a pinched nerve) in the past ten years.  Please advise whether Plaintiff will provide these authorizations.

Regards,
Erin



**Erin P. Harris**
191 Peachtree Street, N.E.
Thirty-Fourth Floor
Atlanta, Georgia 30303-1747

Direct:        404.588.3438
Facsimile:   404.588.3439
Mobile:       404.312.0574
Email:         erin.harris@chamberlainlaw.com
Assistant:   Susan Williams - 404.658.5442

**NOTE:** This email is intended for the use and benefit of the addressed recipient(s) only.  If you are not an addressee, your unauthorized review, use, disclosure, dissemination, distribution, or copying of this communication, or any of its contents, is prohibited.  If you have received this communication in error, please contact me by reply email and destroy all copies of the original message.  IRS Circular 230 requires me to state that any opinions expressed with respect to a significant tax issue are not intended or written by me to be used, and cannot be used by you, for the purpose of avoiding penalties that may be imposed on you or any other person who may examine this correspondence in connection with a Federal tax matter.